Mr. Justice James
delivered the opinion of the court.
The case of Samuel Strong against the District of Columbia is before us on a motion to strike out certain exceptions to an award.
*54 An action at law was brought by Strong against the District of Columbia on certain contracts between them. By an order of the court, made with the consent of the parties, the case was referred to three gentlemen, Messrs. William Penn. Clarke, Halbert E. Paine and Edward Clark, to examine the facts, report thereon and make an award. This was done upon a stipulation -signed by the counsel for the parties respectively. The stipulation was in the following words:
“It is this twenty-fourth day of May, 1883, hereby stipulated and agreed, by and between counsel for the respective parties hereto, with the consent of the plaintiff and the defendant, that the above entitled causes shall be referred to William Penn. Clarke, Halbert E. Paine and Edward Clark, who shall take and hear the testimony of the respective parties hereto and have the same reduced to writing, which shall, together with all their rulings upon points of law and the admission and rejection of evidence, be made of their findings — of law and of fact to be stated separately — and, upon the hearing of all the evidence, they shall render an award, which shall be filed in the Supreme Court of the District or the clerk’s office thereof, with notice to both ■parties or their attorneys, and it shall have the same effect as a verdict of a jury; and the said award, together with the evidence and the rulings of the said William Penn. Clarke, Halbert E. Paine and Edward Clark, on questions of law and on the admission or rejection of testimony, shall be made a part of the record in these causes.
“The said award, after it is rendered, shall be subject to such motions as respects matters of fact by either party as might be made if the causes were tried by a jury and a verdict rendered thereby, and also to be set aside by the Circuit Court of the District of Columbia for any error of law which may arise in said cases, and be passed upon by said William Penn. Clarke, Halbert E. Paine and Edward Clark, with the right of appeal to either party to the court in General Term and to the Supreme Court of the United States; and, upon final hearing and determination of the award in *55 the circuit court of said District, a judgment shall be entered thereon -which shall have the same effect as if the cases had been regularly tried by a jury and a verdict rendered.
“ The party in whose favor the award shall be made, or the attorney of such party, shall give to the adverse party, or its attorney, thirty days notice of the filing of the award, during which time either party may file any motions as respects findings of fact, or rulings upon questions of law or upon the admission or rejection of testimony, made by said William Penn. Clarke, Halbert B. Paine and Edward Clark, as might have been made if the cases had been tried by a jury and a verdict rendered as hereinbefore provided.
“And the said William Penn. Clarke, Halbert E. Paine and Edward Clark, in their findings, shall state the amount legally due to or by the plaintiff under each of the several contracts sued on, and the extra work thereunder or for overpayment thereon, if any, and shall make a final award of the amount due upon them all, either to the plaintiff or defendant. And it is further hereby stipulated and agreed by and between the counsel for the respective parties hereto, by and with the consent of the plaintiff and defendant, that the testimony heretofore taken in the above entitled causes before special auditor Eugene Carusi, esq. — ”
That part is immaterial, however, to what we have here to dispose of.
It was insisted, on the part both of the plaintiff and of the defendant, that the questions at issue upon these motions were governed entirely by the stipulation, and that the parties must be held to that. We therefore examined with the more care the terms of this stipulation. It provides first how the referees are to proceed; next, the effect of their action, and thirdly, how that action may be attacked. As to their mode of proceeding it provides that they shall take the testimony in writing and make that a part of the record, so that the court shall know the basis upon which the findings of fact and of law rested. Also that they shall exhibit to the court, in the record which is to be returned' *56 their decisions in admitting and rejecting evidence, and that they shall make their findings of fact from step to step and their findings of law distinctive. Then they shall make a finding, or it may be called an award, upon each contract. They are to ascertain and find the amount due to the plaintiff upon each one, and then, putting all these amounts together, make a final award of the whole sum due.
Then it is provided that this award shall be subject to motions as respects matters of fact in the same manner that a verdict is subject and upon the same grounds. And secondly, that the award shall be subject to he set aside by the circuit court for any error of law which may arise and he passed upon by these referees.
The time during which motions shall be made was limited to thirty days from the notice given by the successful party to the other party of the award. It appears that quite within that period the defendant filed numerous exceptions. The first point made on the part of the plaintiff, therefore, was that there was no authority in this stipulation to file exceptions, and that is the first point we shall consider.
It is provided not only that the award shall he subject to such motions as respects matters of fact by either party as if the cases were tried before a jury and a verdict rendered, hut also that it shall be subject to be set aside for errors of law. That includes all of the necessary or appropriate methods of reaching these errors of law. It is contemplated by this stipulation, when we come to apply its operation, that the attack upon errors of law may be by exception; because that is one of the appropriate methods of reaching an error at law. This stipulation, therefore, by implication, fairly provides for objections to errors of law in the form of exceptions or in any other appropriate form.
It was said, however, that, inasmuch as this stipulation did not mention specifically the filing of exceptions, they must be filed, if at all, according to the Maryland act which is in force in this District providing for the reference of causes at law to referees, and therefore should have been filed, within seven days. But as the exceptions may be *57 made the appropriate ground for motions which may be filed, it follows that they may be filed at any time within the thirty days if they are the basis of the motion. These exceptions, therefore, if allowed to be filed at all, were filed quite in time if filed within the thirty days.
It was next said that the exceptions, however, did not constitute of themselves motions, and that no motion was made upon them until it was too late.
The form in which these exceptions were presented to the court is shown at the end of them in this case. After setting forth a list of the exceptions, or, as we would call them, objections to the errors of law, and pointing out what the errors of law were, the paper closes in these words:
“The defendant, for reasons set out in the above exceptions by it taken to the findings of law and fact by said referees and to their award, asks the court to set aside the same and declare and adjudge the same as void and of no effect, and remand the case for further proceedings.”
The word “ motion ” is not there employed, but we do not understand that this right of moving for the vacating of an award or the • setting aside of it, depends upon the use of phraseology. This prayer or request or whatever it is, is a motion, in our opinion, to set aside that award. The reasons for it have been recited. The point here is, that for the reasons hereinbefore recited, the defendant asks the court to do this. That is just as good as if he had used the words, “moves the court to set aside,” and it is a motion just as clearly as if it had begun with that statement, “moves the court to set aside the award for the. reasons hereinafter recited.” The reasons are coupled with the motion. We' must hold therefore that a motion in contemplation of this stipulation was made to set aside this award on the grounds recited in these exceptions, and that they were within the time.
It was said, however, that the exceptions, when they came to be inspected, were not such in any case as could be heard when a case had been referred to referees. But this stipulation provides for the entire presentation to a reviewing tri *58 bunal of the facts of the case and of the rulings of the referees upon the facts; their rulings in admitting or rejecting testimony or their findings of law; in other words, of every detail in the steps by which they arrived at their conclusion. It provided distinctly for objections to the finding that the referees made in their character of jury, and it recognizes the fact that they had two capacities; that they were to find the facts as a jury, and they were to find the law. But it distinctly indicated that neither of these should be absolutely conclusive. It opened their conclusions as to fact to the re-examination of the court to the same extent that a verdict of a jury would be re-examined. It opened the questions of law without any limitation, for there could be none.
This stipulation therefore is its own law, and provides distinctly for class of exceptions, or grounds of objection, mentioned in what are called the exceptions here.
The result is that we must overrule the motion to strike out these exceptions, and we hold that the motion to set aside the award has been filed in time. This leads us to a very inconvenient examination of facts, and one which we would have been extremely glad to have been saved, but, with our opinion, as to the law applicable to this stipulation, we must necessarily face that labor.